## Case No. 4,927.

FORBES et al. v. The MERRIMAC.

[1 Ben. 68.] [1]

District Court, E. D. New York. July, 1866.

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Benedict and Emerson, Goodrich & Knowlton, for libellants.

Spencer, Hooes & Metcalf, for claimants.

BENEDICT, District Judge. The pendency of another action for salvage has never, to my knowledge, been held to bar a subsequent action by other salvors against the same vessel to recover salvage for other services performed during the same voyage; on the contrary, two, and sometimes more such actions have been maintained in the same court, where the circumstances warranted it. Such was the case of The Henry Ewbank [Case No. 6,376]. Such the late case of The Philadelphia, 1 Brown. & L. 28.

When there are several sets of salvors claiming to have performed separate and distinct services, and especially where the interests of the various salvors are somewhat antagonistic, as is often the case, it is not only proper but sometimes necessary that several libels be filed. In the present case, the libel filed by Charles Morgan was filed not for the benefit of all persons claiming to have been salvors of the Merrimac, but solely for the benefit of the owners and crew of the Morgan, and it set forth only the services performed by the Morgan after the termination of the principal labors by the libellants in this action. The pendency of such an action can be no ground for dismissing a second action in behalf of the passengers of the Merrimac, setting forth and claiming salvage for services performed in bailing the ship up to the time of her arrival at the bar. Neither can it be held upon the facts set forth in this article of the answer, that these libellants have lost their right of action, by failure to file their libel in New Orleans while the steamer was there. Cases undoubtedly arise where the omission to take proceedings to obtain an adjudication upon a claim for salvage at the time and place where other similar claims are being determined, would be held to amount to a waiver of the claim, and a subsequent libel would be dismissed upon' the ground of staleness or laches. But the facts set out in the tenth article of the answer do not necessarily make this such a case. It cannot be certain that the hearing will not disclose circumstances perfectly consistent with all the facts set forth in the article, which will excuse the delay in prosecuting this action. Nor does it appear from the facts set out in this answer, that it is necessary in order to accomplish substantial justice, that the two claims for salvage should be presented to and passed on, by one and the same court. The services performed by the Morgan were apparently distinct from the service claimed to have been performed by the libellants, and it does not necessarily follow from the facts disclosed in the answer that the award to the libellants, if any, would be affected by the award made to the owners and crew of the Morgan. It is not intended, however, to approve of the practice of bringing such actions in different courts; on the contrary, such course is disapproved, and nothing more is intended to be decided here than that the facts set out in the tenth article of this answer are not sufficient to require a dismissal of the libel. The effect of the omission to file in New Orleans upon the question of costs, or upon the question of the amount to be awarded to the libellants, if any be awarded. as well as the question of laches and staleness, are matters left to be disposed of upon the hearing, when all the facts of the case are before the court. Upon the argument of the exceptions, the hardship of compelling the claimant to give bonds in $100,000 here, after they had bonded their steamer in the action in New Orleans, was greatly insisted on. But the way of relief from this inconvenience is by motion. This court will always promptly reduce the stipulation for value required in any case, to such sum as shall seem to be reasonable security for the claim as presented in the libel; and

if excessive bail has been demanded in New Orleans, like relief can there be obtained. The decree must accordingly be that the exception to the tenth article of the answer be allowed without costs, and with leave to reform the answer in accordance with the views expressed in this opinion.